# EXHIBIT B

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Delux Inn

**DEFENDANTS**
Arch Specialty Insurance Company, improperly named as Arch Insurance Company

**(b)** County of Residence of First Listed Plaintiff    Gregg County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James M. McClenny; Zachary Moseley; Derek Fadner
McClenny Moseley & Associates, PLLC 411 N. Sam Houston Parkway E., Suite 200, Houston, TX 77060, 713-334-6121

Attorneys *(If Known)*
Kristin C. Cummings
Zelle LLP, 901 Main Street, Suite 4000, Dallas, TX 75202-3975

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |

*(table abbreviated — full nature of suit list)*

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332, 1441, 1446
Brief description of cause:
diversity jurisdiction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 200,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*    JUDGE _____    DOCKET NUMBER _____

DATE 10/20/2016
SIGNATURE OF ATTORNEY OF RECORD /s/ Kristin C. Cummings

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

JS 44 Reverse  (Rev. 08/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.    Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Skip to Main Content  Logout  My Account  Search Menu  New Search  Refine Search  Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2016-1797-B

DELUX INN VS ARCH INSURANCE COMPANY

§
§
§
§
§
§

Case Type: **Suit For Deceptive, Trade Practices & Damages**
Date Filed: **09/22/2016**
Location: **124th District Court**
Judicial Officer: **Charles, Alfonso**

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **ARCH INSURANCE COMPANY** | **KRISTIN C CUMMINGS** *Retained* 214-742-3000(W) |
| **Plaintiff** | **DELUX INN** | **JAMES M MCCLENNY** *Retained* 713-334-6121(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 09/22/2016 | Petition (OCA) |
| 09/22/2016 | Request |
| 09/22/2016 | Civil Case Information Sheet |
| 09/23/2016 | Citation By Certified Mail |

    ARCH INSURANCE COMPANY     Served           09/27/2016
                                     Response Received   10/14/2016
                                     Returned          09/29/2016

| | |
|---|---|
| 09/23/2016 | Docket Sheet |
| 09/29/2016 | Citation Return Certified Mail |
| 10/14/2016 | Answer |
| 10/14/2016 | Defendant Original Answer |

---

### FINANCIAL INFORMATION

**Defendant** ARCH INSURANCE COMPANY
| | |
|---|---|
| Total Financial Assessment | 2.00 |
| Total Payments and Credits | 2.00 |
| **Balance Due as of 10/17/2016** | **0.00** |

| | | | | |
|---|---|---|---|---|
| 10/17/2016 | Transaction Assessment | | | 2.00 |
| 10/17/2016 | e-Filing | Receipt # 015188-2016-DC | ARCH INSURANCE COMPANY | (2.00) |

**Plaintiff** McClenny Moseley and Associates
| | |
|---|---|
| Total Financial Assessment | 373.25 |
| Total Payments and Credits | 373.25 |
| **Balance Due as of 10/17/2016** | **0.00** |

| | | | | |
|---|---|---|---|---|
| 09/23/2016 | Transaction Assessment | | | 373.25 |
| 09/23/2016 | e-Filing | Receipt # 014020-2016-DC | McClenny Moseley and Associates | (373.25) |

Electronically Submitted
9/22/2016 1:31:23 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

CAUSE NO. _____2016-1797-B_____

| | | |
|---|---|---|
| **DELUX INN** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **GREGG COUNTY, TEXAS** |
| | § | |
| | § | |
| **ARCH INSURANCE COMPANY** | § | **124th** ____ **JUDICIAL DISTRICT** |
| *Defendant* | § | |
| | § | |

## PLAINTIFF DELUX INN'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

    **COMES NOW**, Delux Inn, (hereinafter referred to as "Plaintiff"), complaining of Arch Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.

### PARTIES

2.  Plaintiff is an individual residing in Gregg County, Texas.

3.  Arch Insurance Company is a domestic insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, C T

Corporation System, located at the following address: 1999 Bryan Street, Suite 900, Dallas, Texas 75201

- 3136.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the

jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Arch Insurance Company because Defendant is a domestic

insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes

of action arise out of Defendant's business activities in the State of Texas.  Specifically, Arch Insurance

Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the

privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-

61 (Tex. 2010).

## VENUE

6.  Venue is proper in Gregg County, Texas, because the Property is situated in Gregg County, Texas. TEX.

CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Arch Insurance Company, (hereinafter referred to as "the

Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

is located at 2004 State Highway 42 North, Kilgore, Texas 75662.

9.  Defendant Arch Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an business who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about March 28, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Arch Insurance Company. Plaintiff subsequently opened a claim on April 01, 2016 and Defendant Arch Insurance Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant Arch Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the

International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level **SHALL** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

16. Defendant's estimate therefore grossly undervalued and did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant Arch Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Arch Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant Arch Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed

under the Policy. Due demand was made by Sovereign Adjusting Services for proceeds to be in an amount

sufficient to cover the damaged Property. All conditions precedent to recovery under the Policy had, and

have, been carried out and accomplished by Plaintiff. Defendant Arch Insurance Company's conduct

constitutes a breach of the insurance contract between Defendant and Plaintiff.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and

representations to Plaintiff that the Property would be covered. Relying on the promises and

representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the

Policy with the belief that the Property would be covered after a severe weather event such as the one that

damaged the Property.

20. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy,

even though the damage was caused by a covered and named peril under the Policy. Defendant's conduct

constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices for "misrepresenting

to a claimant a material fact or policy provision relating to the coverage at issue[.]" TEX. INS. CODE §

541.060(a)(1).

21. Defendant failed to make an attempt to settle Plaintiff's claim in a prompt, fair and equitable manner.

Because of the obvious damage to the Property, Defendant was reasonably clear its liability to Plaintiff.

Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices.

TEX. INS. CODE § 541.060(a)(2)(A).

22. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically,

Defendant failed to offer Plaintiff adequate compensation, without any reasonable explanation for why

full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices for "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy... for the insurer's denial of a claim or offer of a compromise settlement of a claim[.]" TEX. INS. CODE § 541.060(a)(3).

23. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing within fifteen (15) days from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices and Notice of Acceptance or Rejection of Claim. TEX. INS. CODE §§ 541.060(a)(4), 542.056(a).

24. Under the terms of the Policy, Defendant refused to fully compensate Plaintiff, by knowingly and intentionally conducting an unreasonable investigation. Specifically, Defendant performed a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

25. Defendant Arch Insurance Company failed to meet its obligations under the Texas Insurance Code to acknowledge the receipt, begin an investigation, and request all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claim. Defendant's

conduct constitutes a violation of the Texas Insurance Code, Receipt of Notice of Claim. TEX. INS. CODE § 542.055(a)(1)-(3).

26. Defendant failed to accept or deny Plaintiff's full and entire claim, within 15 days, even after receiving all necessary information provided by Plaintiff and Sovereign Adjusting Services. Defendant's conduct constitutes a violation of the Texas Insurance Code, Notice of Acceptance or Rejection of Claim. TEX. INS. CODE § 542.056.

27. Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of claims without delay. Defendant refused to issue payment within the mandated period of five (5) days. To date, Plaintiff has not yet received full payment for its claim, even though Defendant's liability is without question. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 541.057.

28. From and after the time Plaintiff's claim was presented to Defendant Arch Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

29. Defendant knowingly and recklessly made false representations to Plaintiff, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

30. Defendant knowingly and purposefully made several misrepresentations about the Policy issued to Plaintiff.  Defendant's conduct constitutes violations of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer and Misrepresentation of Insurance Policy. TEX. INS. CODE §§ 541.051(1)(A), 541.061(1)(3).

31. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, who is representing Plaintiff with respect to these causes of action.

32. Due to the reckless and/or negligent and/or intentional misrepresentations of the Defendant, Plaintiff believed it had no other option but to hire an attorney, seek new insurance coverage and/or attempt and fail to fix the Property.

33. Each and every one of the representations, as described above, concerned material facts, and absent such representations, Plaintiff would not have acted as it did.

34. Each and every one of the representations, as described above, was made by the Defendant recklessly and/or negligently without any knowledge of its truth and as a positive assertion.

35. As a result of Defendant's errors and/or omissions and/or other misrepresentations, Plaintiff has been severely underpaid and its reliance upon those errors, omissions and misrepresentations have been to Plaintiff's detriment.

36. At all times relevant, Plaintiff was and is a consumer for purposes of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA").

37. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant Arch Insurance Company committed in this case, or in similar cases, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant Arch Insurance Company's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder. Due to these continuous, systematic, and concerted actions to defraud, manipulate and deny policy benefits to Plaintiff and other insureds, Defendant should be punished.

## CONDITIONS PRECEDENT

38. All conditions precedent to recovery by Plaintiff have been met or have occurred.

## AGENCY

39. All acts by Defendant Arch Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Arch Insurance Company and/or were completed in its normal and routine course and scope of employment.

40. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

41. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any

individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan,

fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent,

broker, *adjuster* or life and health insurance counselor." Tex.Ins.Code §541.002(2) (emphasis added). *See*

*also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an

insurance company employee to be a person for the purpose of bringing a cause of action against them

under the Texas Insurance Code and subjecting them to individual liability).

42. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

## NEGLIGENCE

43. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage.

Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property

damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted.

Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a

clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

44. Defendant Arch Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiff to

properly adjust all losses associated with the Property. Defendant, individually and through its assigned

adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in

    adjusting and paying policy proceeds regarding the Property;

B.  Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

C.  Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

45. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

46. Defendant Arch Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Arch Insurance Company and Plaintiff.

47. According to the Policy, which Plaintiff purchased, Defendant Arch Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

48. As a result of the storm-related event, Plaintiff suffered extreme weather related damages.

49. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant Arch Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE PRACTICES ACT & TIE-IN-STATUTES

50. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

51. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

   A.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

   B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (TEX. BUS. & COM. CODE § 17.46(b)(14));

   C.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (TEX. BUS. & COM. CODE § 17.46(b)(24));

   D.  Using or employing an act or practice in violation of the Texas Insurance Code (TEX. BUS. & COM. CODE § 17.50(a)(4));

   E.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

   F.  Failure to properly investigate Plaintiff's claim (TEX. INS. CODE § 541.060(7)); and/or

G.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to

obtain a favorable, results-oriented report, and to assist Defendant in severely

underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE §

17.46(31)).

52.  As described in this Original Petition, Defendant Arch Insurance Company represented to Plaintiff that

its Policy and Arch Insurance Company's adjusting and investigative services had characteristics or

benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. &

COM. CODE § 17.46(b)(5).

53.  As described in this Original Petition, Defendant Arch Insurance Company represented to Plaintiff that

its Policy and Arch Insurance Company's adjusting and investigative services were of a particular

standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

54.  By Defendant Arch Insurance Company representing that they would pay the entire amount needed by

Plaintiff to repair the damages caused by the weather related event and then not doing so; Defendant has

violated §§ 17.46 (b)(5), (7), (12).

55.  Defendant Arch Insurance Company has breached an express warranty that the damage caused by the

storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§

17.46 (b) (12), (20); 17.50 (a)(2).

56.  Defendant Arch Insurance Company's actions, as described herein, are unconscionable in that Defendant

took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

---

57. Defendant Arch Insurance Company's conduct, acts, omissions, and failures, as described in this Original

Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

58. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or

deceptive acts and/or practices, made by Defendant Arch Insurance Company, to its detriment.  As a direct

and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount

in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the

aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages

which are described in this Original Petition.

59. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in

addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and

additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

60. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has

been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on

its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys'

fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself

to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

61. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing

paragraphs.

62. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (§ 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (TEX. INS. CODE § 541.060(a)(2)(A));

    C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim § 541.060(a)(3).);

    D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff ( § 541.060(a)(4));

    E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

    F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

    G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

> H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));
>
> I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));
>
> J.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

63.  By its acts, omissions, failures and conduct, Defendant Arch Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Arch Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

64.  Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Arch Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

65.  Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Arch Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional

penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant

having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

66. As a result of Defendant Arch Insurance Company's unfair and deceptive actions and conduct, Plaintiff

has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims

on their behalf.  Accordingly, Plaintiff also seeks to recover their costs and reasonable and necessary

attorneys' fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152

and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

67. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

68. By its acts, omissions, failures and conduct, Defendant Arch Insurance Company has collectively and

individually breached the common law duty of good faith and fair dealing by conducting a results oriented

investigation, inadequately adjusting Plaintiff's claim without any reasonable basis, and failing to conduct

a reasonable investigation to determine whether there was a reasonable basis for the denial of Plaintiff's

covered loss.

69. Defendant Arch Insurance Company has also breached the common law duty of good faith and fair dealing

by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claim, as

Defendant knew, or should have known, it was reasonably clear that Plaintiff's storm-related claims were

covered.  These acts, omissions, failures, and conduct by Defendant are a proximate cause of Plaintiff's

damages.

---

## KNOWLEDGE

70. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

71. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

72. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorneys' fees.

73. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

74. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorneys' fees. § 542.060.

75. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

76. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

77. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

78. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

79. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

80. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

81. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

---

## JURY DEMAND

82. Plaintiff demands a jury trial, consisting of citizens residing in Gregg County, Texas, and tenders the

appropriate fee with this Original Petition.

## DISCOVERY

83. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant

respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Arch Insurance

Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through

(l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Arch Insurance Company's complete claim files from the home, regional and local

offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies

of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises

relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this

action, including the file folders in which the underwriting documents are kept and drafts of all

documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this

lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its

attempt to secure insurance on the Property, which is the subject of this suit.

---

4. Please produce the electronic diary, including the electronic and paper notes made by Arch Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Arch Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Arch Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Arch Insurance Company and its assigned adjuster, and all correspondence between Arch Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person Arch Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Arch Insurance Company or Arch Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Arch Insurance Company or any of Arch Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Arch Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.     The date and manner in which Arch Insurance Company received notice of the claim;

   b.     The date and manner in which Arch Insurance Company acknowledged receipt of the claim;

   c.     The date and manner in which Arch Insurance Company commenced investigation of the

          claim;

   d.     The date and manner in which Arch Insurance Company requested from the claimant all

          items, statements, and forms that Arch Insurance Company reasonably believed, at the time,

          would be required from the claimant pursuant to the investigation; and

   e.     The date and manner in which Arch Insurance Company notified the claimant in writing of

          the acceptance or rejection of the claim.

6.  Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or

    on Defendant's behalf, to the Plaintiff.

7.  Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for

    rejecting/denying the claim.

8.  When was the date Arch Insurance Company anticipated litigation?

9.  Have any documents (including those maintained electronically) relating to the investigation or

    handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please

    identify what, when and why the document was destroyed, and describe Arch Insurance Company's

    document retention policy.

10. Does Arch Insurance Company contend that the insured's premises were damaged by storm-related

    events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Arch Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Arch Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe Arch Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

84. Plaintiff prays that judgment be entered against Defendant Arch Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorneys' fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant Arch Insurance Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorneys' fees for the trial and any appeal of this lawsuit, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the itself to be justly entitled.

---

RESPECTFULLY SUBMITTED,

/s/ James M. McClenny

**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Submitted
10/14/2016 3:16:08 PM
Gregg County District Clerk
By: Lindsey Kornegay ,deputy

CAUSE NO. 2016-1797-B

| | | |
|---|---|---|
| DELUX INN | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | GREGG COUNTY, TEXAS |
| | § | |
| ARCH INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | 124TH JUDICIAL DISTRICT |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Arch Specialty Insurance Company ("Arch"), improperly named as Arch Insurance Company, files the following Answer to Plaintiff's Original Petition as follows.

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Arch generally denies each and every allegation contained in Plaintiff's Original Petition ("Petition"), and demands strict proof thereof by a preponderance of the evidence.

## DEFENSES

Arch sets forth the following additional defenses to the allegations set forth in Plaintiff's Original Petition:

1.     Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Petition fails to state a claim against Arch upon which relief can be granted.

2.     Plaintiff's claims are subject to all the terms, conditions, limitations and exclusions contained in Insurance Policy No. ANC0002622-00 issued by Arch Specialty Insurance Company to Mayur Mali dba Delux Inn and covering the period from May 15, 2015 to May 15, 2016 (the "Policy").

3.     Plaintiff's claims are barred, in whole or in part, to the extent the damages claimed and/or sought by Plaintiff did not result from a covered cause of loss to covered property as required by the Policy.

4.     Plaintiff's claims for alleged damage are further barred by Plaintiff's failure to allocate its alleged damages between losses caused by a covered cause of loss and those caused by non-covered losses such as damages which occurred prior to the inception of the Policy and/or damages which were caused by excluded causes of loss under the Policy.

5.     Plaintiff's claims are barred, in whole or in part, to the extent the damages claimed and/or sought by Plaintiff were caused by any of the following excluded perils:

B.     Exclusions

\* \* \*

2.   We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

d.  (1)     Wear and tear;

(2)     Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\* \* \*

(4)     Settling, cracking, shrinking or expansion;

\* \* \*

f.   Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

6.     Plaintiff's claims are barred, in whole or in part, to the extent the damages claimed and/or sought by Plaintiff were caused by any of the following excluded perils:

B.    Exclusions

* * *

3.  We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damaged caused by that Covered Cause of Loss:

* * *

c.  Faulty, inadequate or defective:

(1) Planning, zoning, development, surveying, siting;

(2)  Design,  specifications,  workmanship,  repair, construction, renovation, remodeling, grading, compaction;

(3) Materials used in repair, construction, renovation or remodeling; or

(4) Maintenance;

of part or all of any property on or off the described premises.

7.    Plaintiff's claims are barred, in whole or in part by the following provision of the

Policy:

C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1.  We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

* * *

c.  The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

* * *

    (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters.

8.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with the Policy's Duties In The Event Of Loss Or Damage provision, which states:

    a.  You must see that the following are done in the event of loss or damage to Covered Property:

    (1) Notify the police if a law may have been broken.

    (2) Give us prompt notice of the loss or damage.  Include a description of the property involved.

    (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

    (4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance.  However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order for examination.

    (5) At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed.

    (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

    Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

    (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim.  You must do this within 60 days after our request.  We will supply you with the necessary forms.

    (8) Cooperate with us in the investigation or settlement of the claim.

9.    Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage reportedly suffered by Plaintiff has not been properly supported as required by the Policy.

10.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate its claimed damages, if any, and to the extent Plaintiff's own acts, errors or omissions proximately caused or contributed to Plaintiff's claimed damages.

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it now seeks under the Policy.

12.     A bona fide controversy exists concerning whether the Plaintiff is entitled to benefits under the Policy.  Defendant Arch and its employees, agents, representatives, and adjusters are entitled to value claims differently from Arch's policyholders without facing extra-contractual liability.  Defendants would show that a bona fide controversy exists regarding whether and to what extent any asserted loss was the result of a covered occurrence.

13.     Defendants further reserve the right to assert additional defenses as this litigation proceeds.

<b><u>PRAYER</u></b>

WHEREFORE, PREMISES CONSIDERED, Defendant Arch Specialty Insurance Company prays that upon final judgment all relief requested by Plaintiff be denied, that all costs be taxed against Plaintiff, and for such other and further relief to which they may be justly entitled, whether at law or in equity.

Respectfully submitted,

By:___/s/ Kristin C. Cummings_____
    Kristin C. Cummings
    Texas Bar No. 24049828
    kcummings@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of this document has been served this 14th

day of October, 2016, as follows:

James M. McClenny
State Bar No. 24091857
James@mma-pllc.com
J. Zachary Moseley
State Bar No. 24092863
Zach@mma-pllc.com
Derek L. Fadner
State Bar No. 24100081
MCCLENNY MOSELEY & ASSOCIATES, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Telephone:   713-334-6121
Facsimile:   713-322-5953

**ATTORNEYS FOR PLAINTIFF**

    ___/s/ Kristin C. Cummings_____
    Kristin C. Cummings

 CT Corporation

**Service of Process Transmittal**
09/27/2016
CT Log Number 529910583

| | |
|---|---|
| **TO:** | Jennifer Arnett Roehrich<br>Arch Insurance Group Inc.<br>300 Plaza Three Fl 3<br>Jersey City, NJ 07311-1107 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Arch Insurance Company  (Domestic State: MO) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DELUX INN, Pltf. vs. ARCH INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition |
| **COURT/AGENCY:** | 124th Judicial District Court, Gregg County, TX<br>Case # 20161797B |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/27/2016 postmarked on 09/23/2016 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof |
| **ATTORNEY(S) / SENDER(S):** | James M. McClenny<br>McCLENNY MOSELEY & ASSOCIATES, PLLC<br>411 N. Sam Houston Parkway E., Suite 200<br>Houston, TX 77060<br>713-334-6121 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/27/2016, Expected Purge Date: 10/02/2016<br><br>Image SOP<br><br>Email Notification,  Jennifer Arnett Roehrich  JRoehrich@archinsurance.com<br><br>Email Notification,  Joseph Hornik  JHornik@archinsurance.com<br><br>Email Notification,  Allison Kelly  Akelly@archinsurance.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*** CITATION BY MAIL ***
# T H E   S T A T E   O F   T E X A S

TO:   ARCH INSURANCE COMPANY
      C T CORPORATION SYSTEM
      1999 BRYAN STREET SUITE 900
      DALLAS TX 75201-3136

Defendant in the hereinafter styled and numbered cause: **2016-1797-B**

You are hereby commanded to appear before the 124th District Court of Gregg County, Texas, to be held at the courthouse of said County in the City of Longview, Gregg County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this Citation, in Cause Number: **2016-1797-B**, styled

Suit For Deceptive, Trade Practices & Damages

|  |  |
|---|---|
| | Attorney for Plaintiff: |
| DELUX INN | JAMES M MCCLENNY |
| VS | 411 N SAM HOUSTON PARKWAY E SUITE 200 |
| ARCH INSURANCE COMPANY | HOUSTON TX 77060 |
| | 713-334-6121 |
| | |
| | Attorney for Defendant |

Filed in said court 22nd day of September, 2016.

Issued and given under my hand and seal of said Court at office, this the 23rd day of September, 2016.

**Barbara Duncan**
District Clerk of
Gregg County, Texas
Gregg County Courthouse
P. O. Box 711
Longview, Texas 75606

Signed: 9/23/2016 9:31:52 AM

By _____ Deputy.

## NOTICE TO DEFENDANT

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this Citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a default Judgment may be taken against you.

### Officer's Return by Mailing

Came to hand on the _____ day of _____, _____, at _____o'clock __.M., and executed by mailing certified mail restricted delivery a true copy of the citation together with a copy of Plaintiff's petition at the following address:

Name & Address of Defendant
ARCH INSURANCE COMPANY
C T CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

***************************************************

| | | |
|---|---|---|
| * | Attach | * Date Signed: _____ |
| * | Return Receipt(s) | * Signed by: _____ |
| * | With | * as evidenced by the signed return receipt |
| * | | * attached hereto and incorporated in |
| * | Addressee's Signature | * the return |
| * | | * _____ Not executed as to defendant |
| * | | * for the following reason: |
| * | | * **Circle one** |
| * | | * Unclaimed |
| * | | * Refused |
| * | | * Return to Sender |
| * | | * Moved, left no forwarding address |
| * | | * Unable to Forward |
| * | | * Other |
| * | | * **TO CERTIFY WHICH WITNESS MY HAND** |
| * | | * **OFFICIALLY.** |
| * | | * Barbara Duncan, District Clerk |
| * | | * By _____ Deputy |

***************************************   Fee for serving Citation $60.00

#### C I T A T I O N - B Y   M A I L I N G

| File No. 2016-1797-B | Issued this 23rd day of September, 2016. |
|---|---|
| In the 124th District Court | **Barbara Duncan** |
| Of | District Clerk of |
| Gregg County, Texas | Gregg County |
| | Signed: 9/23/2016 9:31:55 AM |
| DELUX INN | |
| VS | By _____ Deputy |
| ARCH INSURANCE COMPANY | |
| | Returned and Filed |
| | This _____ day of _____, _____ |
| | **Barbara Duncan** |
| | District Clerk |
| | By _____ Deputy |

Hasler
09/23/2016
US POSTAGE
**$12.62**
ZIP 75601
011D12603031



CERTIFIED MAIL®

7014 2870 0001 8327 8507

**BARBARA DUNCAN**
CLERK, DISTRICT COURT, GREGG COUNTY
POST OFFICE BOX 711
LONGVIEW, TEXAS 75606

RETURN RECEIPT REQUESTED
RESTRICTED DELIVERY

C T CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136